UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
UNITED STATES OF AMERICA,      :     CASE NO. 1:05-CV-2282
                                              :
        Plaintiff,                     :
                                              :
vs.                                          :     ORDER & OPINION
                                              :     [Resolving Docs. 25, 33]
DAVID HAMMON, Sr.,                :
                                              :
        Defendant.                    :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff, United States of America, and the Defendant, David Hammon, Sr. ("Hammond") file dueling motions for summary judgment [Docs. 25, 33.]  For the reasons set forth below, the Court **DENIES** both the defendant's motion for summary judgment and the plaintiff's cross-motion for summary judgment.

### I.  BACKGROUND

In this case, the IRS seeks to reduce to judgment certain unpaid federal tax assessments made against Defendant Hammon.  During 1986, 1987, and 1988, the Defendant engaged in the business of accepting illegal wagers. [Doc. 37.]  Provisions of the Internal Revenue Code impose special tax, record keeping and reporting obligations on bookmakers.  *See United States v. Sahadi,* 555 F.2d 23, 2 (2d Cir. 1977).  Specifically, Section 4401 provides that a bookmaker must pay an excise tax on all gross wagers accepted and Section 4411 imposes a special occupational tax on all bookmakers. 26 U.S.C. §§ 4401, 4403.  Additionally, Sections 4403 and 4412 impose certain record keeping and

Case No. 1:05-CV-2282
Gwin, J.

reporting requirements on persons liable for the taxes imposed by Sections 4401 and 4411. 26 U.S.C. §§ 4403, 4412.

On May 24, 1990, the Defendant pled guilty to engaging in illegal gambling in a criminal case. [Doc. 38, Attachment #1] Specifically, the Defendant plead guilty to all three counts of the information filed against him on or about May 24, 1990 and again plead guilty to a number of criminal charges in April 2005 stemming from his illegal gambling activities. *See United States v. David L. Hammon, Sr.,* Case No. 1:90 CR 0135 (N.D. Ohio 1990); *United States v. David L. Hammon, Sr.,* Case No. 1:04 CR 505 (N.D. Ohio 2005). Additionally, on September 29, 1995 the Plaintiff made assessments against Defendant Hammon after determining that the Defendant failed to satisfy the provisions of the Internal Revenue Code cited above with regard to his gambling activities in 1986, 1987, and 1988. [Doc. 25] On September 19, 2005, the Plaintiff then filed the present action seeking to reduce the assessments against the Defendant to judgement. *Id.*

Defendant Hammon challenges the accuracy of the tax assessment calculated by the IRS. Specifically, Hammon says that the assessment is based upon grossly inaccurate assumptions concerning the nature of his gambling activities or upon a misunderstanding or misrepresentation of the nature of the records that the government seized from him. [Doc. 33] On May 30, 2006, the Plaintiff filed a motion for summary judgement [Doc. 24]. On June 30, 2006, the Defendant then filed a motion in opposition to the Plaintiff's motion for summary judgement and a cross-motion for summary judgement [Doc. 33]. The Court considers both parties' motions below.

## II. LEGAL STANDARD

Summary judgment is appropriate where the evidence submitted shows "that there is no

Case No.  1:05-CV-2282
Gwin, J.

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56 (c)).  The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case.  *Waters v. City of Morristown*, 242 F.3d 353, 358 (6th Cir. 2001).  A fact is material if its resolution will affect the outcome of the lawsuit.  *Daughenbaugh v. City of Tiffin*, 150 F.3d 594, 597 (6th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party meets its burden by "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  However, the moving party is under no "express or implied" duty to "support its motion with affidavits or other similar materials *negating* the opponent's claim."  *Id*.

Once the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.  *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  It is not sufficient for the nonmoving party merely to show that there is some existence of doubt as to the material facts.  *Id.*  Nor can the nonmoving party "rest upon the mere allegations or denials of the adverse party's pleading."  Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party. *National Enters., Inc. v. Smith*, 114 F.3d 561, 563 (6th Cir. 1997).  "The disputed issue does not have to be resolved conclusively in favor of the nonmoving party, but that party is required to present significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy Street Corp. v.*

Case No. 1:05-CV-2282
Gwin, J.

*Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)); *see also Celotex*, 477 U.S. at 322. Ultimately the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Terry Barr Sales Agency, Inc. v. All-Lock Co.*, 96 F.3d 174, 178 (6th Cir. 1996) (citation omitted).

### III. ANALYSIS

*A.  Plaintiff's Motion for Summary Judgment*

The Court first considers Plaintiff's motion for summary judgment against the Defendant. In its motion for summary judgement, the Plaintiff argues that the Defendant bears the burden to establish, by a preponderance of the evidence, that the assessment in question is erroneous. In support of this, the Plaintiff argues that courts generally presume the accuracy of the Internal Revenue Commissioner's determinations correct in tax cases. [Doc. 25]  The Plaintiff then argues that it is entitled to summary judgement in this case because the defendant is unable to adduce facts sufficient to satisfy this burden. *Id.*

In opposing the Plaintiff's motion for summary judgment, the Defendant first argues that the Government, rather than the Defendant, bears the burden of proving the validity of an assessment where, as here, challenging the assessment requires a taxpayer to prove that he did not receive income that the government attributes to him. [Doc. 33]  The Defendant then argues that the Court should deny the Plaintiff's motion for summary judgment because the Defendant's affidavit denying the validity of the assessment in question establishes a genuine issue of material fact. *Id.*  The Court considers each of these issues in turn.

*1.  Burden of Proof Standard*

Case No. 1:05-CV-2282
Gwin, J.

The parties dispute who bears the burden of proving the accuracy of the Government's tax assessments. This issue takes on special importance because the Government has lost many, if not most of the records it seized from Defendant in the Government's criminal tax investigation. The Defendant argues that he should not have the burden of proof when the government lost the documents at the core of its claim.

Generally, a determination of tax liability by the Internal Revenue Commissioner is "presumptively correct and places the burden of producing contrary evidence upon the taxpayer." *U.S. v. Walton*, 909 F.2d 915, 918 (6th Cir. 1990). However, in the Sixth Circuit "[w]here the taxpayer is confronted with the daunting task of proving that he did not receive income attributed to him in an assessment . . . this circuit has established a less severe rule." *Id.* Specifically, in such situations "[r]easonable denials of the assessment's validity have sufficed to shift the burden back to the government," such that the government is required to substantiate its assessment. *United States v. Besase,* 623 F.2d 463, 465 (6th Cir.), *cert denied,* 449 U.S. 1062 (1980). Additionally, no matter which party bears the burden of persuasion, "the government can never rest its case on an assessment that lacks a minimal evidentiary foundation." *Walton*, 909 F.2d at 919.

Here, the United States provides certificates of assessment. Generally, such certificates establish a *prima facie* case against the Defendant. *Id.; see also United States v. Stonehill,* 702 F.2d 1288, 1293 (9th Cir. 1983). In contrast to this general rule, the Sixth Circuit requires the United States to bear the burden of establishing the accuracy of its assessments "[w]here the taxpayer is confronted with the daunting task of proving that he did not receive income attributed to him in an assessment." *Walton*, 909 F.2d at 918.

In this case, the Defendant faces special problems challenging the accuracy of the

Case No. 1:05-CV-2282
Gwin, J.

assessments as the United States lost or refuses to deliver the seized records used to calculate the amount of the assessment. [Doc. 33] Given the United States's refusal to produce the records used to calculate the assessments, the Defendant need only provide a "reasonable denial" regarding the assessment's validity to shift the burden of proof back to the government. *Besase,* 623 F.2d at 465. The Plaintiff needs to produce evidence supporting the validity of the assessment to attain summary judgment in this case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that a moving party is obligated to "to make a showing sufficient to establish the existence of an element essential to [the movant's] case, and on which that party will bear the burden of proof at trial."); *Calderone v. United States*, 799 F.2d 254, 258 (6th Cir. 1986) (holding that where a summary judgment movant has the burden of proof, his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party).

*2. Existence of Genuine Issues of Material Fact*

As was noted above, summary judgment is appropriate where the evidence submitted shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c)). A fact is material if its resolution will affect the outcome of the lawsuit. *Daughenbaugh v. City of Tiffin*, 150 F.3d 594, 597 (6th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Here, an essential element of the Plaintiff's case is the validity of the assessment's amount. As such, if the Defendant is able to place the accuracy of the amount of the assessment into question, then a genuine issue of material fact exists.

In his motion in opposition to Plaintiff's motion for summary judgment, the Defendant argues that his affidavit denying the validity of the amount of the government's assessment creates

-6-

Case No. 1:05-CV-2282
Gwin, J.

such a genuine issue of material fact. [Doc. 33] Specifically, Defendant argues that the affidavit is sufficient to shift the burden of proof to the Plaintiff and require it to provide evidence conclusively establishing the accuracy of the assessment in order to attain summary judgment. *Id.* In response, the United States argues that the Defendant is either collaterally or judicially estopped from disputing the validity of the assessment. [Doc. 38] In addition, the United States argues that defendant's affidavit should be stricken because it directly contradicts the admissions he made in his plea agreement. *Id.* As the following analysis discusses in detail, each of Plaintiff's arguments ultimately fails. Accordingly, the Court finds that the Defendant's affidavit does establish the existence of a genuine issue of material fact.

### a. *Collateral Estoppel*

Plaintiff argues that admissions made by the Defendant as part of the plea agreement he entered into in April 2005 stop him from now disputing the validity of the assessment. [Doc. 38] Specifically, the Plaintiff focuses on two elements of the plea agreement to which the Defendant stipulated, which state that:

1. On September 29, 1995, HAMMON was assessed by the Internal Revenue Service approximately $2.39 million in wagering excise taxes as a consequence of failing to register his gambling enterprise with the IRS...

2. ...HAMMON, willfully attempted to evade and defeat the payment of a large part of the excise tax due and owing by him to the United States of America for the calendar years 1986 through 1988 in the amount of approximately $2.39 million . . .

*Id.* Based upon these statements, Plaintiff argues that (1) the Defendant admitted that he owed

Case No.  1:05-CV-2282
Gwin, J.

approximately $2.39 million in excise taxes to the United States, (2) that such an admission was necessary in order to satisfy the due and owing element of the tax evasion offense to which he plead guilty, and (3) that he is therefore collaterally estopped from contesting the accuracy of the assessment. *Id.*

Under the doctrine of collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. *Montana v. United States*, 440 U.S. 147, 153 (1979).  In the context of tax issues courts  may apply collateral estoppel where: (1) the issues presented by the second action are in substance the same as those resolved in the first, (2) the controlling facts or legal principle has not changed significantly since the first action, (3) the prior determination of the issue or fact must have been litigated and necessary to the judgment of the earlier action, (4) the standard of proof in the prior case must have been at least as stringent as the standard of proof in the later action, and (5) the party against whom movant has asserted the doctrine was a party to the earlier proceeding.  *Id.; see also Allen v. McCurry*, 449 U.S. 90, 94 (1980).

Here, Plaintiff  has failed to establish that (1) the issues presented in the instant case are the same as those resolved in the first, and (2)  the determination of the issue of the assessment's amount was necessary to the judgment of the earlier action.  In the criminal proceeding against the Defendant, the gravamen of the charge against the Defendant was whether or not he attempted to evade his tax obligations.  In contrast, the primary issue presented in the instant case is the accuracy of the tax assessment. [Doc. 38, Attachment #1] To the extent that the amount of the assessment was relevant from a sentencing standpoint, the sentencing range to which the Defendant plead guilty only required a finding that Defendant's tax obligations were between $1 million and $2.5 million.  *Id.*

Case No. 1:05-CV-2282
Gwin, J.

As such, the Defendant is not collaterally estopped from disputing the validity of the assessment.

### b. *Judicial Estoppel*

The Plaintiff also argues that Defendant is judicially estopped from disputing the validity of the tax assessment because the court accepted admissions made by the Defendant in his plea agreement regarding the amount of his tax obligations. [Doc. 38] In support of this proposition, the Plaintiff argues that the court accepted and considered the representations made by the Defendant in his plea agreement for purposes of determining his sentence. *Id.* Specifically, Plaintiff argues that the court relied on the Defendant's stipulations regarding the amount of the tax liability in agreeing to a reduction in his sentence for acceptance of responsibility. *Id.*

Judicial estoppel forbids a party from taking a position inconsistent with one "successfully and unequivocally asserted by that same party in an earlier proceeding" and preserves the integrity of the courts by "preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment." *Warda v. C.I.R.,* 15 F.3d 533, 538 (6th Cir. 1994); *Teledyne Indus. V. National Labor Relations Bd.*, 911 F.2d 1214, 1217 (6th Cir. 1990); *Reynolds v. C.I.R.*, 861 F.2d 469, 472 (6th Cir. 1988); *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (6th Cir. 1982).

Here, the accuracy of the assessment was not "successfully and unequivocally asserted" by the Defendant in his prior criminal proceeding. As was discussed in the preceding section, at most, the Defendant stipulated that the government had assessed approximately $2.39 million and admitted, by accepting the sentencing range contained in the plea agreement, that his tax obligations were between $1 million and $2.5 million. [Doc. 38, Attachment #1] By acknowledging that the United States had assessed $2.39 million, the Defendant did not admit that amount was correct.

Case No. 1:05-CV-2282
Gwin, J.

Accordingly, the Defendant is not judicially estopped from disputing the validity of the assessment.

### c. Motion to Strike Defendant's Affidavit

Finally, Plaintiff also argues that the Defendant has not established a genuine issue of material fact because his affidavit, which contests the validity of the government's assessment, must be stricken. [Doc. 38] Specifically, Plaintiff asserts that the affidavit directly contradicts admissions made by the Defendant in his plea agreement and argues that where this is the case, a party cannot create a genuine issue of material fact. [Doc. 38, Doc. 38, Attachment #1]  In support of this position, the Plaintiff notes that it is well established that a party cannot create a genuine issue of material fact by submitting an affidavit that contradicts earlier deposition testimony and argues that a situation implicates the same principles where a party's affidavit contradicts admissions contained in a plea agreement.  *Penny v. United Parcel Service*, 128 F.3d 408 (6 Cir. 1997); *Davidson & Jones Development Co. v. Elmore Development Co., Inc.*, 921 F.2d 1343 (6 Cir. 1991); *Gagne v. Northwestern Nat. Ins.* th *Co.*, 881 F.2d 309 (6th Cir. 1989).

Even assuming that the Plaintiff is correct in asserting that a party cannot create a genuine issue of material fact by submitting an affidavit that directly contradicts admissions contained in a plea agreement, the Plaintiff has not established that any such direct contradiction exists in this case. As is discussed above, the Defendant's plea agreement did not focus on the accuracy of the assessment. [Doc. 38, Attachment #1]  Rather, the plea agreement established only that the amount of the Defendant's tax obligation ranged somewhere between $1 million and $2.5 million. *Id.* Since this range is consistent with the assertions made by the Defendant in his affidavit, no direct contradiction exists. [Doc. 37]  As a result, there is no basis to strike the affidavit submitted by the Defendant and the Court finds that the Defendant has established a genuine issue of material fact.

Case No. 1:05-CV-2282
Gwin, J.

*B. Defendant's Cross-Motion for Summary Judgment*

The Court next considers Defendant Hammon's cross-motion for summary judgment against the Plaintiff. [Doc. 33] In its motion for summary judgement, the Defendant first argues that he is entitled to summary judgment because the Plaintiff has completely failed to offer any proof establishing the validity of its tax assessment, which is an essential element of its case regarding which it will bear the burden of proof at trial. *Id.* Additionally, the Defendant also argues that he is entitled to summary judgment by virtue of the fact that the Plaintiff's attempt to enforce the tax assessment without any evidentiary support constitutes a violation of the Defendant's right to fundamental fairness under the Due Process clause of the Fifth Amendment. *Id.*

*1. Failure to Offer Proof Supporting the Assessment*

The Defendant first argues that he is entitled to summary judgment because the Plaintiff has completely failed to provide any evidence substantiating the validity of its assessment, which is an essential element of its case regarding which it will bear the burden of proof at trial. *Id.* Specifically, the Defendant argues that because the Plaintiff has failed to adequately identify the method through which it calculated the amount of the assessment or otherwise substantiate the assessment's validity, the Plaintiff is not entitled to any presumption of accuracy. *Id.* Accordingly, the Defendant argues that the Plaintiff has completely failed to offer any proof regarding an essential element of its case regarding which it bears the burden of proof and that he is therefore entitled to summary judgment. *Id.*

> Under Rule 56(c)), entry of summary judgment is appropriate where a party:
>
> ...fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In

Case No. 1:05-CV-2282
Gwin, J.

>such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322 (citation omitted). Here, the Defendant correctly says that the Plaintiff has offered precious little evidence supporting the accuracy of its assessment. However, the Court rejects the Defendant's assertion that the Plaintiff has completely failed to offer any proof regarding the validity of its assessment.

As the Plaintiff notes in its opposition to Defendant's motion for summary judgment, it has produced significant evidence linking the assessments in question to the Defendant's illegal gambling activities. [Doc. 38] Additionally, the Plaintiff provides some explanation regarding the method through which it calculated the tax assessments in question, noting that it "seized a relatively small number of betting slips and was able to corroborate the betting over a longer period of time." [No. 38] Moreover, the Plaintiff's production of certificates of assessment is sufficient to create an initial presumption of correctness and establish a *prima facie* case. *Walton*, 909 F.2d at 919. Although the Defendant's affidavit contesting the validity of the assessments is sufficient to avoid the entry of summary judgment in favor of the Plaintiff, the Court believes that the government has similarly provided sufficient evidence regarding the validity of the assessments to preclude granting summary judgment in favor of the Defendant.

*2. Due Process Violation*

The Defendant also argues that he is entitled to summary judgment because the Plaintiff's attempt to enforce the tax assessments without evidentiary support constitutes a violation of the Due Process Clause of the Fifth Amendment. [Doc. 33] As is noted in the preceding section, the Court

Case No. 1:05-CV-2282
Gwin, J.

rejects the assertion that the Plaintiff has failed to provide any evidentiary support regarding its calculation of the assessments in question. Moreover, the propriety of calculating gambling taxes based upon an incomplete factual record is well established and has not previously been found to violate due process on either procedural or factual grounds. *See Hamilton v. United States*, 309 F.Supp. 468, 472-273 (S.D.N.Y. 1969), *affd*. 429 F.2d 427, *cert. denied*, 401 U.S. 913 (1971), citing *United States v. Washington*, 251 F.Supp. 359 (E.D.Va.1966) *affd.*, 402 F.2d 3 (4th Cir. 1968) and *Mendelson v. Commissioner of Internal Revenue*, 305 F.2d 519 (7th Cir.), *cert. denied*, 371 U.S. 877 (1962); *Marchetti v. United States*, 390 U.S. 39 (1967); *Phillips v. Commissioner*, 283 U.S. 589 (1931). Accordingly, the Court finds that the Defendant is not entitled to summary judgment based upon a violation of the Due Process Clause of the Fifth Amendment.

## IV.  CONCLUSION

For the reasons discussed above, the Court DENIES both the Plaintiff and Defendant's respective motions for summary judgment.

IT IS SO ORDERED.


Dated: August 25, 2006                                         s/          *James S. Gwin*
                                                               JAMES S. GWIN
                                                               UNITED STATES DISTRICT JUDGE