```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
UNITED STATES OF AMERICA,         :       CASE NO. 1:05-CV-2282
                                              :
            Plaintiff,                       :
                                              :
vs.                                          :       ORDER & OPINION
                                              :       [Resolving Docs. 52]
DAVID HAMMON, Sr.,                :
                                              :
            Defendant.                    :
                                              :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff United States of America and Defendant David Hammon, Sr. ("Hammon") filed dueling motions for summary judgment, which the Court denied. [Docs. 46.] The Plaintiff now files a motion to reconsider the Court's order denying its motion for summary judgment. [Doc. 52.] In the alternative, the Plaintiff also files a motion in limine to exclude at trial any evidence or argument that the Defendant's tax liability is less than $1 million. *Id.*  For the reasons set forth below, the Court **DENIES** both the Plaintiff's motion to reconsider and its motion in limine.

## I.  BACKGROUND

In this case, the IRS seeks to reduce to judgment certain unpaid federal tax assessments made against Defendant Hammon. On August 25, 2006, the Court issued an Order and Opinion denying both parties' motions for summary judgment. [Doc. 46.] With its motion to reconsider, the government contends that the Court failed to fully address the government's argument that the Defendant is collaterally estopped from disputing the amount of the tax assessments. [Doc. 52.]

-1-

Case No. 1:05-CV-2282
Gwin, J.

Specifically, the Plaintiff argues that a judicial order for restitution issued in connection with Defendant Hammon's April 2005 criminal conviction precludes the Defendant from contesting the amount of his tax liability. *Id.* In the event the Court denies its motion for reconsideration, the United States also argues that the Court should preclude the Defendant, under the doctrine of judicial estoppel, from offering any evidence or argument at trial that his tax liability is less than $1 million. *Id.* The Court considers the Plaintiff's motions below.

## II. LEGAL STANDARD

The Federal Rules do not describe motions to reconsider. The Sixth Circuit has held, however, that a motion to vacate and reconsider may be treated under Rule 59(e) as a motion to alter or amend a judgment. *Smith v. Hudson*, 600 F.2d 60, 62-63 (6th Cir. 1979) ("a motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment.") Such a motion is extraordinary and sparingly granted. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

A court may grant a motion to amend or alter judgment if a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury*, 854 F. Supp. 1403,

Case No. 1:05-CV-2282
Gwin, J.

1408 (S.D. Ind. 1994)). When the "defendant views the law in a light contrary to that of this Court," its 'proper recourse' is not by way of a motion for reconsideration 'but appeal to the Sixth Circuit.'" *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991).

Here, the Plaintiff United States asks the Court to reconsider its denial of summary judgment. Summary judgment is appropriate where the evidence submitted shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c)) The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Waters v. City of Morristown*, 242 F.3d 353, 358 (6th Cir. 2001). A fact is material if its resolution will affect the outcome of the lawsuit. *Daughenbaugh v. City of Tiffin*, 150 F.3d 594, 597 (6th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party meets its burden by "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). However, the moving party is under no "express or implied" duty to "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.*

Once the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). It is not sufficient for the nonmoving party merely to show that there is some existence of doubt as to the material facts. *Id.* Nor can the nonmoving party "rest upon the mere allegations or denials of the adverse party's pleading." Fed. R. Civ. P. 56(e).

Case No. 1:05-CV-2282
Gwin, J.

In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party. *National Enters., Inc. v. Smith*, 114 F.3d 561, 563 (6th Cir. 1997). "The disputed issue does not have to be resolved conclusively in favor of the nonmoving party, but that party is required to present significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)); *see also Celotex*, 477 U.S. at 322. Ultimately the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Terry Barr Sales Agency, Inc. v. All-Lock Co.*, 96 F.3d 174, 178 (6th Cir. 1996) (citation omitted).

### III. ANALYSIS

*A. Plaintiff's Motion to Reconsider*

The Court first considers Plaintiff's motion to reconsider its denial of the government's motion for summary judgment. [Doc. 46.] In the government's initial motion for summary judgment, the United States primarily argued that admissions made by the Defendant as part of his April 2005 plea agreement stop him from now disputing the validity of the tax assessment at issue here. [Doc. 38]. In the Plaintiff's motion to reconsider, the government asserts that the Court failed to fully address its argument that the Defendant is collaterally estopped from disputing the accuracy of the tax assessments in this case. [Doc. 52.] Specifically, the Plaintiff now argues - much more cogently than it did in its initial motion for summary judgment - that a restitution order issued in connection with Defendant Hammon's conviction in April 2005 precludes the Defendant from now arguing that his tax liability is less than the amount of the restitution judgment of $2.39 million. *Id.*

-4-

Case No. 1:05-CV-2282
Gwin, J.

The Court again finds that the Plaintiff's arguments do not warrant summary judgment.

Under the doctrine of collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the decided issue in a suit on a different cause of action involving a party to the first case. *Montana v. United States*, 440 U.S. 147, 153 (1979). In the context of tax issues, courts may apply collateral estoppel where: (1) the issues presented by the second action are in substance the same as those resolved in the first, (2) the controlling facts or legal principle has not changed significantly since the first action, (3) the prior determination of the issue or fact must have been litigated and necessary to the judgment of the earlier action, (4) the standard of proof in the prior case must have been at least as stringent as the standard of proof in the later action, and (5) the party against whom movant has asserted the doctrine was a party to the earlier proceeding. *Id.; see also Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Hickman v. Commissioner*, 183 F.3d 535, 538 (6th Cir. 1999).

Here, Plaintiff has failed to establish that a determination of the Defendant's specific tax liability was either (1) necessary to the judgment of the earlier action; or (2) fully litigated and decided in the prior criminal proceeding against Defendant Hammon. The Sixth Circuit has held that an order for criminal restitution is not essential to the judgment of conviction against a criminal defendant "because it [is] not an element of the crime of conviction." *Hickman v. Commissioner*, 183 F.3d 535, 538 (6th Cir. 1999); *see also Morse v. Commissioner,* 419 F.3d 829, 834 (8th Cir. 2005) ("We conclude collateral estoppel is also inapplicable here. An order for criminal restitution is not essential to the judgment of conviction against a criminal defendant . . . "); *Appley v. West*, 832 F.2d 1021, 1026 (7th Cir. 1987) (noting that "the amount of restitution was not a material fact of the indictment on which the guilty pleas was based . . . "). For example, in Defendant Hammon's 2004

-5-

Case No. 1:05-CV-2282
Gwin, J.

criminal case the gravamen of the charge against the Defendant was whether or not he attempted to evade his tax obligations, rather than the accuracy of the tax assessments levied against him. Accordingly, it was not an essential element of the indictment to charge the Defendant with any specific tax liability or amount. Indeed, under section 7201 the government need not establish any specific level of tax liability. 26 U.S.C. § 7201.

Moreover, the conviction and judgment entry in the 2004 criminal case do not clearly determine the appropriate tax liability. Recall, in the criminal case, Case No. 04-cr-505, Hammon pled guilty to four counts. [Doc. 38, Attachment #1.] In addition to pleading guilty to attempting to evade the payment of his taxes in violation of 26 U.S.C. § 7201, Hammon also pled guilty to money laundering, possession with the intent to distribute cocaine, and illegal gambling. *Id.* Hammon's judgment entry nowhere specifies that the restitution order relates only to the tax count. [Doc. 38, Attachment #2.]

Additionally, the Plaintiff has not established that the court litigated the accuracy of the tax assessments levied against the Defendant in the prior criminal proceeding against the Defendant. The doctrine of collateral estoppel is premised on the idea that "one fair opportunity to litigate an issue is enough." *Hickman,* 183 F.3d at 537 (citation omitted). However, to apply the doctrine fairly it is critical "that the party sought to be estopped had the opportunity and the incentive to litigate the issue aggressively." *Kunzelman v. Thompson*, 799 F.2d 1172, 1177 (7th Cir. 1986).

Here, the government says that the court in the Defendant's 2004 criminal proceeding was required to decide the amount of tax liability that the Defendant had attempted to evade to order restitution. [Doc. 52.] Additionally, in a tax evasion case the amount of a criminal restitution order cannot exceed the amount of the tax loss attributable to the counts to which the Defendant pled

-6-

Case No.  1:05-CV-2282
Gwin, J.

guilty or was convicted.  *United States v. Butler,* 279 F.3d 505, 519 (6th Cir. 2002).

Significantly, however, the amount of tax liability an individual attempts to *evade* is distinct from the issue of whether the amount of tax liability *assessed* is itself accurate.  In the 2004 criminal proceeding against the Defendant, the district court could only order restitution for the amount of tax liability evaded, not the amount of tax liability that could be properly assessed.  Stated otherwise, in the 2004 criminal case, the government alleged that Defendant Hammon had assets or income that should have been applied to the previously determined tax assessment.  It did not allege, and was not required to prove in that proceeding, that Hammon's tax liability actually equaled $2.39 million.

In summarizing Hammon's criminal conduct related to the tax avoidance count in the 2004 case, the pre-sentence report stated that "[f]rom November of 1988, through September 26, 2004, Hammon willfully attempted to evade and defeat the payment of a large part of the excise tax due and owing by him to the United States . . . by transferring title to real estate he owned into the name of another person, by attempting to purchase a condominium in such a manner that his name would not be revealed on the public record, by cashing checks at a bar rather than at a bank, and by transacting business in cash rather than by using bank accounts."  Nothing in the report suggests that the court so much as considered the accuracy of the tax assessments that the Defendant attempted to avoid.  In truth, nothing in the report even suggests Hammon's tax *avoidance* approached anywhere near $2,390,000.

The restitution order only required the court to address the amount of tax liability that the Defendant evaded.  As such, the court did not address the accuracy of the underlying tax assessments in connection with its restitution order or otherwise order a hearing regarding the accuracy of the tax assessments.  Moreover, the Defendant certainly had little incentive to actually

-7-

Case No. 1:05-CV-2282
Gwin, J.

litigate the issue of the accuracy of the tax assessments aggressively at the sentencing hearing. Indeed, under such circumstances it is difficult to credit the argument that the Defendant was presented with an opportunity to fully and fairly litigate the accuracy of the tax assessments levied against him. Accordingly, the Court again finds that the Defendant is not collaterally estopped from contesting the validity of the government's tax assessments.

*B. Plaintiff's Motion in Limine*

In the alternative, Plaintiff United States also argues that the Court should preclude Defendant Hammon from offering at trial any evidence or argument that his tax liability is less than $1 million. [Doc. 52.] Specifically, the Plaintiff essentially renews its argument that the Defendant is judicially estopped from contesting the accuracy of his tax liability - at least to the extent that it is less than $1 million - because of admissions he made in connection with his April 2005 plea agreement. *Id.*

Judicial estoppel forbids a party from taking a position inconsistent with one "successfully and unequivocally asserted by that same party in an earlier proceeding" and preserves the integrity of the courts by "preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment." *Warda v. C.I.R.,* 15 F.3d 533, 538 (6th Cir. 1994); *Teledyne Indus. V. National Labor Relations Bd.*, 911 F.2d 1214, 1217 (6th Cir. 1990); *Reynolds v. C.I.R.*, 861 F.2d 469, 472 (6th Cir. 1988); *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (6th Cir. 1982). Here, the accuracy of the assessments was not "successfully and unequivocally asserted" by the Defendant in his prior criminal proceeding. Admissions made by the Defendant in his plea agreement regarding the amount of tax liability that he *evaded* may serve as persuasive evidence at trial regarding the

Defendant Hammon's actual tax liability. As was noted above, however, such admissions simply do not address the same issue presented in this case, which is focused on the accuracy of the tax liability assessed the Defendant rather than on his actions in evading those assessments. Accordingly, the Court again denies the Plaintiff's motion to exclude at trial any evidence or argument that the Defendant's tax liability is less than $1 million.

### IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** both the Plaintiff's motion to reconsider the Court's order denying its motion for summary judgment and its motion in limine.

IT IS SO ORDERED.


Dated: September 5, 2006   s/ *James S. Gwin*
                          JAMES S. GWIN
                          UNITED STATES DISTRICT JUDGE